FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAY 2 0 2019

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| FIRST INTERNATIONAL BANK & TRUST | ) )  **Civil No.** 4:19-cv-365-SWW |
| | ) |
| Plaintiff, | )  This case assigned to District Judge *Wright* |
| | )  and to Magistrate Judge *Harris* |
| vs. | ) |
| | )  **COMPLAINT FOR TRADEMARK** |
| FIRST ARKANSAS BANK & TRUST | )  **INFRINGEMENT AND UNFAIR** |
| | )  **COMPETITION UNDER THE LANHAM** |
| Defendant. | )  **ACT** |
| | ) |

Plaintiff First International Bank & Trust ("**First International**") brings this Complaint for Trademark Infringement and Unfair Competition under the Lanham Act against Defendant First Arkansas Bank & Trust ("**First Arkansas**").

## NATURE OF THIS ACTION

1.    This is an action for judgment of trademark infringement and unfair competition pursuant to the Lanham Act, 15 U.S.C. §§ 1114 and 1125 (a) and (c), in connection with First Arkansas' unauthorized use of First International's federally registered service mark LIVE FIRST, which is the subject of United States Trademark Registration No. 4,803,454.

## PARTIES

### A.  Plaintiff First International

2.    First International is a corporation organized and existing under the laws of the State of North Dakota, with its principal place of business at 100 North Main, Watford City North Dakota  58854.

3.    First International is a full-service, independent community bank offering banking, lending and financial services.  First International has retail locations in North Dakota, Minnesota and Arizona.

4.     First International is the owner of United States Trademark Registration No. 4,803,454 (**"the '454 Registration"**) on the Principal Register to the service mark LIVE FIRST, in standard characters, in connection with "Banking and financing services; Electronic funds transfer; Financial retirement plan consulting services; Investment banking services; Issuing of credit cards; Merchant banking services; Money wiring services; Mortgage banking; On-line banking services; Providing personal loans and lines of credit" in International Class 36.  A true and correct copy of the '454 Registration forms Exhibit A, hereto.

**B.  Defendant First Arkansas**

5.     Upon information and belief, Defendant First Arkansas is a corporation organized and existing under the laws of the State of Arkansas, with its principal place of business at 600 West Main Street, Jacksonville, Arkansas 72076.

6.     Upon information and belief, First Arkansas provides banking, lending and financial services similar to, but not of the same high quality as, the services provided by First International.

7.     Upon information and belief, First Arkansas offers its services at retail locations throughout the State of Arkansas.

**JURISDICTION AND VENUE**

8.     This Court has subject matter jurisdiction over First International's Lanham Act claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).

9.     This Court has personal jurisdiction over Defendant First Arkansas because, upon information and belief, First Arkansas is incorporated, resides, and maintains places of business in Arkansas.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because, upon information and belief, First Arkansas resides in this judicial district.

## FACTUAL BACKGROUND

### A. First International's Use of Its Mark LIVE FIRST

11.    First International has been using the mark LIVE FIRST extensively and continuously in connection with its advertising, marking, promotion and sales of its banking, lending and financial services since at least March of 2013, including its prominent use in combination and close association with First International's name and logo:



12.    As an example, First International uses the mark LIVE FIRST in traditional print advertising to market, promote and advertise its services, e.g.:



13.    As another example, First International also uses the mark LIVE FIRST on its website, its mobile applications, and through its accounts on various social media platforms, including Facebook, LinkedIn and YouTube, to market, promote and advertise its services, e.g.:



(https://www.youtube.com/watch?v=RSFXY08Wg9Y)

First International also uses its LIVE FIRST mark on social media by using the hashtags #LiveFirst and #LiveFirstCommunityGiving.

14.    As another example, First International also uses the mark LIVE FIRST in its community and charitable works, which, in addition to satisfying its sense of ethical responsibility to improve the communities in which it does business and its employees reside, is an important component of First International's marketing approach to building its brand as a community bank and promoting its services, e.g.:



(Source: https://www.facebook.com/pg/FirstIntlBank/posts/?ref=page_internal)

4

15.     There are many other examples of First International's use of the LIVE FIRST mark in connection with its services, including, but not limited to, signage, product and services literature, promotional materials, and on its letterhead.

16.     The LIVE FIRST mark suggests in the minds of consumers the high quality of the comprehensive services First International offers and is therefore inherently distinctive.

17.     First International has worked hard to build a strong brand identity among consumers using the LIVE FIRST mark, and has created a strong association in the minds of consumers between the LIVE FIRST mark and First International's name and high-quality services, which serves as a means by which the public can distinguish the services of First International from the services of others.

18.     The LIVE FIRST mark is a symbol of First International's quality, reputation and good will, and is an intangible asset having substantial value.

19.     With the exception of the infringing acts complained of herein, First International has engaged in substantially exclusive use of the LIVE FIRST mark from the time of its adoption and first use in connection with its banking, lending and financial services.

**B. Defendant First Arkansas' Infringing Use of First International's LIVE FIRST Trademark**

20.     In and around April of 2019, First International discovered that First Arkansas had been using the phrase LIVE FIRST without authorization to advertise, market and promote its banking, lending and financial services.

21.     Upon information and belief, First Arkansas' unauthorized and infringing use of the phrase LIVE FIRST occurred years after First International's adoption and first use of the LIVE FIRST mark in commerce.

22.    Upon information and belief, First Arkansas uses the phrase LIVE FIRST extensively to advertise, market and promote its banking, lending and financial services without authorization.

23.    For example, upon information and belief, First Arkansas uses the phrase LIVE FIRST on its website (https://www.fabandt.com/) to advertise, market, and promote its services at its retail locations, e.g.:



24.    Upon information and belief, First Arkansas also uses the phrase LIVE FIRST without authorization in connection with its accounts on various social media platforms, including Facebook, Instagram and twitter, to advertise, market and promote its services, e.g.:



(https://www.facebook.com/fabandt/)

25.    Upon information and belief, First Arkansas also uses the hashtag #LIVEFirst in its social media postings, which is recognized and indexed by social media sites as the same hashtag as First International's hashtag #LiveFirst, and, as a result, consumers clicking on First International's hashtag on its Facebook account, for example, are directed to a page that aggregates Facebook posts by both First International and First Arkansas:

6



(https://www.facebook.com/hashtag/livefirst)

26.     Upon information and belief, First Arkansas also uses the phrase LIVE FIRST

without authorization in its promotional materials at sponsored events and in contests, e.g.:



(Source: https://www.instagram.com/fabandt/)

27.    Upon information and belief, First Arkansas also uses the phrase LIVE FIRST without authorization in billboard advertising, e.g.:



(Source: https://www.instagram.com/fabandt/)

28.    On April 10, 2019, First International's President, S. Peter Stenehjem, wrote to the President and CEO of First Arkansas, Larry J. Wilson, providing a copy of the '454 Registration, putting First Arkansas on notice that its "continued use of the trademark 'Live First' creates confusion and is in violation of [First International's] rights" and demanding that First Arkansas "immediately cease and desist use of the 'Live First' trademark within thirty (30) days of the date of this letter." A true and correct copy of the April 10, 2019 letter forms Exhibit B hereto. Mr. Stenehjem also left a follow up voicemail with Mr. Wilson on April 12, 2019.

29.    First International never received a response to the letter from First Arkansas. Upon information and belief, First Arkansas entirely ignored First International's demand that it discontinue the unauthorized and infringing use of the phrase LIVE FIRST, and continues to use the phrase in an infringing manner in willful violation of First International's trademark rights.

## FIRST CAUSE OF ACTION

### (Trademark Infringement under the Lanham Act, 15 U.S.C. § 1114)

30.    First International re-alleges and incorporates by reference paragraphs 1-29 of this Complaint, inclusive, as if fully set forth herein.

31.    First Arkansas has infringed and continues to infringe First International's LIVE FIRST trademark through its use of the same phrase to promote, advertise and market its banking, lending and financial services without authorization from First International.

32.    First Arkansas' unauthorized and infringing use of the phrase LIVE FIRST has caused actual confusion among the general public and/or the likelihood that the general public would confuse the services of First Arkansas with those of First International.

33.    Such actual or likely confusion has resulted and/or will result in the loss of sales of services by First International.

34.    Accordingly, First Arkansas' infringing and unauthorized use of the phrase LIVE FIRST has caused actual damage to First International.  First International is entitled to recover from First Arkansas the damages it has sustained as a result of First Arkansas' wrongful acts in an amount subject to proof at trial.

35.    By no later than the April 10, 2019 Infringement Notice Letter (Exhibit B), First Arkansas was on notice that its use of the phrase LIVE FIRST infringed First International's LIVE FIRST trademark, that it was not authorized to use the phrase, and was aware that its use of the phrase caused confusion or the likelihood that the general public would confuse the services of First Arkansas with those of First International.  Nevertheless First Arkansas continued to use the phrase in an infringing manner in willful disregard of First International's rights in its LIVE FIRST trademark.

36.     First Arkansas' use of the phrase LIVE FIRST therefore constitutes willful infringement under 15 U.S.C. § 1117.

37.     In addition, First Arkansas' infringing use of the phrase LIVE FIRST has caused, is presently causing, and, unless such acts and practices are enjoined by the Court, will continue to cause, immediate and irreparable harm to First International for which there is no adequate remedy at law, and for which First International is entitled to injunctive relief under 15 U.S.C. § 1116.

## SECOND CAUSE OF ACTION

### (Trademark Dilution under 15 U.S.C. §1125(c))

38.     First International re-alleges and incorporates by reference paragraphs 1-37 of this Complaint, inclusive, as if fully set forth herein.

39.     The LIVE FIRST trademark is widely recognized by the general consuming public of the United States as a designation of source of the services of First International.

40.     The LIVE FIRST trademark is inherently distinctive, or, in the alternative, because First International has consistently and extensively used the LIVE FIRST mark to identify its high-quality services, and to distinguish its services from those offered by others, the mark has acquired distinctiveness over time.

41.     First Arkansas' continued unauthorized and infringing use of the phrase LIVE FIRST will inevitably dilute the distinctiveness of First International's LIVE FIRST trademark. First Arkansas' continuing use of the identical phrase to First International's will inexorably have an adverse effect upon the value of First International's trademark.   Unless such unauthorized and infringing use is prevented, First International's trademark will eventually be deprived of all distinctiveness and value.

42.     Accordingly, First Arkansas' infringing and unauthorized use of the phrase LIVE FIRST has caused actual damage to First International. First International is entitled to recover from First Arkansas the damages it has sustained as a result of First Arkansas' wrongful acts in an amount subject to proof at trial.

43.     First Arkansas' use of the phrase LIVE FIRST constitutes willful infringement under 15 U.S.C. § 1117.

44.     First International is entitled to injunctive relief under 15 U.S.C. § 1125(c)(1) and/or § 1116.

## THIRD CAUSE OF ACTION

### (Federal Unfair Competition under 15 U.S.C. §1125(a))

45.     First International re-alleges and incorporates by reference paragraphs 1-44 of this Complaint, inclusive, as if fully set forth herein.

46.     First Arkansas has deliberately and willfully attempted to trade on First International's longstanding and hard-earned goodwill in its LIVE FIRST mark and the reputation established by First International in connection with its services, as well as in order to confuse consumers as to the origin and sponsorship of First Arkansas' services and to pass off their services in commerce as those of First International.

47.     First Arkansas' unauthorized and tortious conduct has also deprived and will continue to deprive First International of the ability to control the consumer perception of its services offered under the LIVE FIRST mark, placing the valuable reputation and goodwill of First International in the hands of First Arkansas.

48.     First Arkansas' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of First Arkansas and their services with First

International, and as to the origin, sponsorship or approval of First Arkansas and their services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

49.    First Arkansas had direct and full knowledge of First International's prior use of and rights in its LIVE FIRST mark before the acts complained of herein. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

50.    As a result of First Arkansas' aforesaid conduct, First International has suffered commercial damage, as well as the continuing loss of the goodwill and reputation established by First International in its LIVE FIRST mark. This continuing loss of goodwill cannot be properly calculated and thus constitutes irreparable harm and an injury for which First International has no adequate remedy at law.  First International will continue to suffer irreparable harm unless this Court enjoins First Arkansas' conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, First International prays for judgment as follows:

(a)    A judgment that First Arkansas has infringed First International's LIVE FIRST trademark;

(b)    Entry of an order (on a preliminary or permanent basis) requiring that First Arkansas and their officers, agents, servants, employees, owners and representatives, and all other persons, firms or corporations in active concert or participation with them, be enjoined and restrained, in accordance with 15 U.S.C. § 1125(c)(1) and/or § 1116, from further acts of infringement and unfair competition, including:

(i)     Using in any manner the LIVE FIRST mark, or any name, mark or domain name that wholly incorporates the LIVE FIRST mark or is confusingly similar to a colorable imitation of the LIVE FIRST mark;

(ii)     Using or displaying the LIVE FIRST mark on any websites, products, or promotional materials in any false and/or deceptive manner;

(iii)     Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or prospective customers of First International's services as to the source of the services offered for sale, distributed, or sold, or likely to deceive members of the public, or prospective customers, into believing that there is some connection between First Arkansas and First International;

(iv)     Committing any acts which will tarnish, blur, or dilute, or are likely to tarnish, blur, or dilute the distinctive quality of the LIVE FIRST mark; and

(v)     Making any representations, express or implied, that First International is affiliated with or sponsors or approves of First Arkansas or their products or services.

(c)     A judgment awarding First International compensatory damages for First Arkansas' acts of infringement, together with interest thereon, in accordance with 15 U.S.C. § 1117;

(d)     A judgment awarding First International First Arkansas' profits in accordance with 15 U.S.C. § 1117;

(e)     A judgment awarding First International the costs of this action in accordance with 15 U.S.C. § 1117;

(f)     A judgment declaring that First Arkansas' infringement has been willful within the meaning of 15 U.S.C. § 1117;

(g)     A judgment awarding First International enhanced damages up to three times the amount of actual damages in accordance with 15 U.S.C. § 1117;

(h)     A judgment declaring that this case is exception and awarding First International its attorneys' fees in accordance 15 U.S.C. § 1117 and Rule 54(d) of the Federal Rules of Civil Procedure;

(i)     A judgment granting such other and further relief as this Court may deem just and proper in law or in equity.

## JURY DEMAND

First International demands a trial by jury of all issues so triable.

Respectfully Submitted,

Cynthia W. Kolb (ABA # 2000156)
CROSS, GUNTER, WITHERSPOON &
    GALCHUS, P.C.
500 President Clinton Avenue, Suite 200
Post Office Box 3178 (72203)
Little Rock, Arkansas 72201
Telephone:     (501) 371-9999
Facsimile:     (501) 371-0035
E-mail: ckolb@cgwg.com

Chad E. Ziegler, *pro hac vice motion to be filed*
NEUSTEL LAW OFFICES, LTD
2534 South University Drive, Suite 4
Fargo, North Dakota 58103
Telephone:     (701) 281-8822
Facsimile:     (701) 237-0544
E-mail: chad@neustel.com

By: _____
    Cynthia W. Kolb

14



# United States of America
## United States Patent and Trademark Office

# LIVE FIRST

**Reg. No. 4,803,454**
**Registered Sep. 1, 2015**

**Int. Cl.: 36**

**SERVICE MARK**

**PRINCIPAL REGISTER**

FIRST INTERNATIONAL BANK & TRUST (NORTH DAKOTA CORPORATION)
3001 25TH STREET SOUTH
FARGO, ND 58103

FOR: BANKING AND FINANCING SERVICES; ELECTRONIC FUNDS TRANSFER; FINAN-
CIAL RETIREMENT PLAN CONSULTING SERVICES; INVESTMENT BANKING SERVICES;
ISSUING OF CREDIT CARDS; MERCHANT BANKING SERVICES; MONEY WIRING SER-
VICES; MORTGAGE BANKING; ON-LINE BANKING SERVICES; PROVIDING PERSONAL
LOANS AND LINES OF CREDIT, IN CLASS 36 (U.S. CLS. 100, 101 AND 102).

FIRST USE 4-1-2014; IN COMMERCE 4-1-2014.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 86-508,765, FILED 1-20-2015.

TIMOTHY FINNEGAN, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office



EXHIBIT
A

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k.  If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an
> Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office
(USPTO). The time periods for filing are based on the U.S. registration date (not the international registration
date).  The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to
those for nationally issued registrations.  *See* 15 U.S.C. §§1058, 1141k.  However, owners of international
registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the
underlying international registration at the International Bureau of the World Intellectual Property Organization,
under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated
from the date of the international registration.  *See* 15 U.S.C. §1141j.  For more information and renewal
forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the
USPTO website for further information.  With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at http://www.uspto.gov.**

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark
owners/holders who authorize e-mail communication and maintain a current e-mail address with the
USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark
Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms
available at  http://www.uspto.gov.**



April 10, 2019

3001 25th St S
PO Box 10938
Fargo, ND 58103

(701) 232-1700
firstintlbank.com

First Arkansas Bank & Trust
Attn: Larry J. Wilson
      President / CEO
PO Box 827
Jacksonville, AR 72078

RE: Cease and Desist / "Live First" *

Dear Mr. Wilson;

It has come to our attention that you are improperly marketing your financial institution using the "Live First" trademark.   Please be advised that "Live First" has been a registered trademark since September 1, 2015 (U.S. Reg. No. 4,803,454 – see enclosed) of First International Bank & Trust, a state bank organized and existing under the laws of the state of North Dakota.  We began using the mark "Live First" on or before March of 2013. We have established priority in the mark because our use of the mark precedes yours. Since that date we have used the mark on various products and services including but not limited to our website, marketing materials, letterhead and signage.  Your continued use of the trademark "Live First" creates confusion and is in violation of our rights.  This is unacceptable.

Accordingly, immediately cease and desist use of the "Live First" trademark within thirty (30) days of the date of this letter.  Otherwise, we will have no choice but to take further action against you including but not limited to commencement of a declaratory action to seek a court order directing you to cease its use.

This requires your immediate attention.

Sincerely,

S. Peter Stenehjem
President

**EXHIBIT**
**B**